# In the United States District Court for the Southern District of Georgia Savannah Division



FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 10:12 am, Jan 05, 2021

```
UNITED STATES OF AMERICA,

     v.                                     CR 413-121

WALIS PARRA-REYES,

     Defendant.
```

### ORDER

Before the Court is the Government's motion for reconsideration of the Court's previous Order denying as successive Defendant Walis Parra-Reyes's renewed motion for compassionate release. Dkt. No. 478. The Government's motion is **GRANTED**.

For the reasons stated in the Government's motion, dkt. no. 478, the Court **VACATES** its previous order dismissing Defendant's motion for procedural reasons, dkt. no. 477. Instead, the Court will reach the merits of Defendant's renewed motion for compassionate release. Dkt. No. 476. Upon reconsideration of Defendant's renewed motion, the Court **DENIES** it for the reasons that follow.

### DISCUSSION

First, the Court finds that Defendant has not met his burden under 18 U.S.C. § 3582(c) to show that his medical conditions,

i.e. hypertension and obesity, along with the risk of COVID-19, qualify as "extraordinary and compelling reasons" warranting compassionate release. Defendant's records show that while he is overweight, he is not obese. Defendant's medical records also show that, while he has hypertension, it is well-controlled with medication and "could likely stop if he can lose enough weight." In short, Defendant has failed to show that his medical conditions substantially diminish his ability to provide self-care within the Bureau of Prisons facility.

Secondly, even if Defendant's medical conditions did qualify as extraordinary and compelling reasons under § 3582(c), the Court finds that the factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the sentence imposed. Defendant pleaded guilty to one count of conspiracy to distribute a controlled substance, one count of unlicensed dealing in firearms, one count of interstate transportation of stolen motor vehicles, one count of trafficking in contraband cigarettes, and one count of using and carrying firearms during and in relation to a drug trafficking offense. Dkt. No. 303. The advisory Sentencing Guidelines range, as calculated by the Court at sentencing, was 135 to 168 months' imprisonment for the first four counts, plus sixty consecutive months for the last count (firearms). Absent the plea agreement, Defendant would have faced a guideline range of 528 to 570 months' imprisonment. The Court sentenced Defendant to a total term of

190 months' imprisonment, a below-guidelines sentence. Defendant's projected release date is December 15, 2026, meaning he has just shy of six years left on his sentence. If Defendant were released now, he would have served significantly below the guidelines range. Moreover, Defendant's appeal and multiple post-judgment motions challenging his conviction and sentence tend to show that he has failed to assume responsibility for his actions. The Court concludes that granting Defendant compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

## CONCLUSION

The Government's motion for reconsideration is **GRANTED**. Dkt. No. 478. The Court **VACATES** its previous Order dismissing as successive Defendant's renewed motion for compassionate release. Dkt. No. 476. After reconsideration of Defendant's renewed motion, dkt. no. 476, the Court **DENIES** it on the merits.

**SO ORDERED,** this 5th day of January, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA